FILED
FEB 04 2010

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERTA KELLY and D. LAWRENCE OLSTAD,<br><br>        Plaintiffs,<br><br>        v.<br><br>U.S. BANK, BISHOP, WHITE & MARSHALL, P.S., a Washington Professional Services Company, and KRISTA WHITE,<br><br>        Defendants, | CV 08-1421-AC<br><br>OPINION AND ORDER |

ACOSTA, Magistrate Judge:

*Opinion and Order*

        Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a) defendant U.S. Bank National Association ("U.S. Bank") seeks leave of court to amend its answer to add a foreclosure claim.

FINDINGS AND RECOMMENDATION    1                      *{TDW}*

Plaintiffs Roberta Kelly ("Kelly") and D. Lawrence Olstad ("Olstad") (collectively "Plaintiffs") have filed separate responses opposing U.S. Bank's motion to amend. The Court finds that Plaintiff's objections to the motion to amend are without merit. Accordingly, U.S. Bank's motion for leave to file an amended answer is GRANTED.

*Procedural Background*

On December 8, 2009, U.S. Bank filed its motion for leave to file an amended answer. On January 6, 2010, Plaintiffs filed separate responses opposing U.S. Bank's motion to amend. On January 20, 2010, U.S. Bank filed an affidavit in support of its motion for leave to file an amended answer. Plaintiffs were permitted to file a sur-reply by January 26, 2010.

*Discussion*

U.S. Bank seeks leave of court to amend its answer to add a foreclosure claim against Plaintiffs. Amendments to pleadings are governed by Rule 15(a), which provides: "A party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The court recognizes that leave to amend should be granted with "extreme liberality." *Eminence Capital, LLC. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Ninth Circuit has held that a number of factors may bear on whether to grant leave to amend, such as: (1) prejudice to the non-moving party; (2) bad faith by the moving party; and (3) whether the amendment would be futile. *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999).

Plaintiffs originally filed this action in November 2008 in an effort to stop a nonjudicial foreclosure sale of Kelly's property. U.S. Bank agreed to halt sale after Kelly paid a portion of the

delinquency on her loan and again started making mortgage payments. (Bennett Declaration ("Decl.") ¶ 2.) However, Kelly failed to make any payments on the loan after August 2009. (Bennett Decl. ¶ 2.) Since Kelly has asserted claims relating to the loan and is in default under the loan documents, U.S. Bank has requested leave to amend its answer to file a foreclosure counterclaim and, thus, resolve all issues regarding the loan in this action.

Plaintiffs argue that the motion should be denied for two reasons. First, Plaintiffs argue that U.S. Bank has not alleged the statutory basis for judicial foreclosure in its amended answer. (Plaintiffs Opposition ("Pl.'s Opp'n") ¶ 2.) Second, Plaintiffs argue that U.S. Bank's allegation that it has no "adequate remedy at law" is inaccurate, and argue, in essence, that U.S. Bank does have an adequate legal remedy as evidence that it previously instituted a nonjudicial foreclosure proceeding. *Id.*

U.S. Bank contends that its proposed amendment is not sought in bath faith, is not futile, and would not prejudice plaintiffs. U.S. Bank's alleged purpose of the amendment is to allow it to exercise its remedies under the loan documents and Oregon law. (Defendant's Memorandum in Support ("Def.'s Mem. Supp.") ¶ 3.) Further, U.S. Bank states it has not previously asked the court for leave to file an amended answer because Kelly was making mortgage payments and the Bank agreed to participate in a settlement conference. *Id.* Thus, once Kelly stopped making payments, U.S. Bank decided to no longer negotiate with Kelly to avoid foreclosure and now wishes to assert its counterclaim. *Id.*

It is well-settled law that a liberal standard is applied to motions for leave to amend, that application constrained only where the amendment is prejudicial, in bad faith, or futile. However, Plaintiffs do not argue that this amendment implicates any of these three factors. Plaintiffs raise

FINDINGS AND RECOMMENDATION       3               *{TDW}*

substantive defenses to the foreclosure counterclaim, but merit-based objections to proposed amendments are not a valid basis for opposing a motion to amend. Therefore, none of these three factors apply if Plaintiffs leave to amend is granted.

*Conclusion*

For the reasons stated, U.S. Bank's motion for leave to file an amended answer is GRANTED.

DATED this 4th day of February, 2010

_____
JOHN V. ACOSTA
United States Magistrate Judge