**C. Marie Eckert, OSB No. 883490**
marie.eckert@millernash.com
**Jeanne Kallage Sinnott, OSB No. 075151**
jeanne.sinnott@millernash.com
MILLER NASH LLP
111 SW Fifth Avenue, Suite 3400
Portland, Oregon  97204-3699
Telephone:  (503) 224-5858
Fax:  (503) 224-0155
        *Attorneys for Defendant/Third-Party Plaintiff*
        *U.S. Bank National Association*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ROBERTA KELLY** and **D. LAWRENCE OLSTAD**, | CV 08-1421-AC |
| Plaintiffs, | |
| v. | **MEMORANDUM IN SUPPORT OF U.S. BANK NATIONAL ASSOCIATION'S MOTION TO STRIKE APPENDIX AND EXHIBITS** |
| **U.S. BANK; BISHOP, WHITE & MARSHALL, P.S.**, a Washington Professional Services Company; and **KRISTA WHITE**, | |
| Defendants. | |
| **U.S. BANK NATIONAL ASSOCIATION**, | |
| Third-Party Plaintiff, | |
| v. | |
| **CITY OF PORTLAND**, a municipal corporation; and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, an inactive Oregon | |

Page 1 of 11   Memorandum in Support of U.S. Bank National Association's Motion to Strike Appendix
          and Exhibits

PDXDOCS:1884140.1
080080/0237

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204-3699

corporation, **CREDIT CARD RECEIVABLES FUND INCORPORATED**, an Ohio corporation doing business as UNIFUND CCR PARTNERS, and **ZB LIMITED PARTNERSHIP**, a Delaware limited partnership doing business as UNIFUND CCR PARTNERS,

Third-Party Defendants.

## I.    INTRODUCTION

U.S. Bank National Association filed a motion for summary judgment on plaintiffs' claims because no genuine issue of material fact exists and judgment is appropriate as a matter of law.  After months of delay, plaintiffs filed a response and, eventually, a supplemental response.  Each response contains a number of unauthenticated and otherwise inadmissible exhibits to support plaintiffs' claims.  For the reasons outlined below, the court should strike the exhibits from the record and should not consider them when ruling on the summary judgment motion.

## II.    DISCUSSION

### A.    Plaintiffs' Declarations Are Not Admissible.

Plaintiffs' declarations submitted in connection with their memorandum of law opposing defendant U.S. Bank's motion for summary judgment (the "Response") and plaintiffs' supplementary memorandum of law opposing defendant U.S. Bank's motion for summary judgment (the "Supp. Response") are not admissible.  To be admissible on a motion for summary judgment, a declaration must:  (1) be sworn, (2) be made on personal knowledge, (3) state specific facts that would be admissible in evidence at the time of trial, and (4) be offered by a declarant that is competent to testify to the matters stated in the declaration.  Fed R Civ P 56(e).

A declaration meets the "sworn" requirement if it includes a statement that the matters discussed in it are true and correct under the penalty of perjury.  28 USC § 1746.

Page 2 of 11   Memorandum in Support of U.S. Bank National Association's Motion to Strike Appendix and Exhibits

With respect to the personal-knowledge requirement, declarations based on facts that the declarant *believes* are true, but does not *know* are true, are not proper.  Columbia Pictures v. Professional Real Estate Inv., 944 F2d 1525 (9th Cir 1991).  Further, "[c]onclusory [declarations] that do not affirmatively show personal knowledge of specific facts are insufficient."  Casey v. Lewis, 4 F3d 1516, 1527 (9th Cir 1993).

The declarations discussed below do not meet the requirements of Fed R Civ P 56(e) and are therefore inadmissible.

1.  Exhibit 5 to the Response, Declaration of Mona St. Clair.

The Declaration of Mona St. Clair ("St. Clair Decl.") is inadmissible because Ms. St. Clair is not competent to testify to the matters stated in it, and the declaration is not based on Ms. St. Clair's personal knowledge.  The St. Clair Decl. sets forth the price at which plaintiffs' residence will sell in the current market, the amount by which that value has declined since 2007, and the reason for the decline, specifically the "deflation of the housing bubble and resultant, abrupt drop in property values."  St. Clair Decl. ¶¶ 5, 6, 7.  Ms. St. Clair is not competent to testify on these matters.  She has been a licensed real estate broker for only two years.  St. Clair Decl. ¶ 1.  While Ms. St. Clair states that she has been "interested" in real estate for 15 years, in part as a result of assisting her husband in his legal practice related to real estate, Ms. St. Clair's mere interest does not create competency.  St. Clair Decl. ¶ 2.  Ms. St. Clair's limited experience does not make her competent to testify to the cause of the decline in the housing market.

Furthermore, the St. Clair Decl. is not supported by personal knowledge.  Ms. St. Clair makes the conclusory statement that plaintiffs' residence declined in value because of the "deflation of the housing bubble and resultant, abrupt drop in property values," but does not support this sweeping conclusion with any facts based on personal knowledge.  For these reasons, the St. Clair Decl. does not meet the requirements of Fed R Civ P 56(e) and is inadmissible.  The court should therefore strike the St. Clair Decl. from the record.

2.      Exhibit 6 to the Response, Declaration of Terrence Rickard Stark.

The Declaration of Terrence Rickard Stark ("Stark Decl.") is inadmissible because it is unsworn, it does not contain specific facts that would be admissible at trial, and Mr. Stark is not competent to testify to the matters in the declaration.

As discussed above, Fed R Civ P 56(e) requires either an affidavit, which by definition is sworn, or, in lieu of an affidavit, a written statement subject to the penalty of perjury. The Stark Decl. is neither and is therefore inadmissible.

Even if the Stark Decl. contained the required written statement regarding perjury, it would be inadmissible because it does not contain specific facts that would be admissible at trial. The declaration contains general observations regarding "systemic changes in finance" and how Mr. Stark noticed in the early 2000s that "underwriting criteria" on mortgage loans "began to change." Stark Decl. ¶ 5. Mr. Stark goes on to speculate that lenders' relaxation of lending standards led to the housing bubble, concluding that "[a]t the height of the bubble, homes that had been worth $120,000.00 before were selling for $500,000.00 to $750,000.00." Stark Decl. ¶¶ 7-8. Nothing in the Stark Decl. relates to U.S. Bank in particular, plaintiffs' property, or Roberta Kelly's mortgage with U.S. Bank, and nothing in the declaration contains specific facts supporting the claims in this case.

Finally, Mr. Stark is not competent to testify regarding the matters contained in the declaration. Mr. Stark states that he has been involved with the mortgage industry, and that beginning in the 1980s he began making private loans with his own assets. Stark Decl. ¶ 4. He does not state that he has personal knowledge about the loan underwriting process for U.S. Bank or any other financial entity. He is therefore not competent to testify as to the process for underwriting loans for any lender other than himself. The court should strike the declaration from the record.

3.    Exhibit 5 to the Supplement, Declaration of Shirley A. Guy.

The Declaration of Shirley A. Guy ("Guy Decl.") is inadmissible because it is not based on personal knowledge, and Ms. Guy is not competent to testify on the matters stated in it. Ms. Guy is an escrow officer at Fidelity National Title Company.  Based on her position at Fidelity, Ms. Guy purports to have personal knowledge regarding the structure and purpose of Mortgage Electronic Registration Systems, Inc. ("MERS").  Guy Decl. ¶¶ 5, 6.  Ms. Guy is not an officer, employee, or affiliate of MERS.  For this reason, she is not competent to testify to the structure or function of MERS, and she does not have personal knowledge to do so.  The Guy Decl. is therefore inadmissible.

4.    Exhibit 25 to the Supplement, Declaration of Roberta Kelly.

The Declaration of Roberta Kelly ("Kelly Decl.") is inadmissible because, among other things, it is not based on Ms. Kelly's personal knowledge and it contains no specific facts that would be admissible to support any of plaintiffs' claims at trial.

The Kelly Decl. consists almost entirely of unsupported, conclusory statements about U.S. Bank, which are not supported by Ms. Kelly's personal knowledge.  In fact, the only statements in the Kelly Decl. that are based on personal knowledge deal with Ms. Kelly's former participation in the mortgage and real estate business, which has nothing to do with Ms. Kelly's claims against the bank.  Kelly Decl. ¶ 1.

The rest of the declaration contains undecipherable, unsupported, conclusory allegations against U.S. Bank, including allegations that U.S. Bank "attached [Ms. Kelly's] high rating credit score to the bundles of what were purportedly AAA instruments" and "sold a financial subprime predatory loan to [her] to ensure the operational continuance of 'monetization' of [her] credit score and therefore, SSN, signature and whatever else U.S. Bank needed for its shadow money lending to be operational."  Kelly Decl. ¶ 2.  According to the Kelly Decl., U.S. Bank's alleged actions made Ms. Kelly a "forced, shadow prime borrower who became a hidden hand of the market's third-party lender for U.S. Bancorp's fraud against the American

Page 5 of 11   Memorandum in Support of U.S. Bank National Association's Motion to Strike Appendix and Exhibits

homeowner," which meant that U.S. Bank "defrauded [her] as a fiduciary and as a consumer."
Kelly Decl. ¶ 6.

The declaration is an incomprehensible rant that contains nothing remotely admissible to prove any of plaintiffs' claims. The court should therefore strike the Kelly Decl. from the record.

**B.** **Many of Plaintiffs' Exhibits Are Inadmissible Because They Were Not Properly Authenticated.**

In ruling on a motion for summary judgment, the court may consider only admissible evidence; evidence that is not authenticated is not admissible. Orr v. Bank of America, NT & SA, 285 F3d 764, 773 (9th Cir 2002) ("Authentication is a condition precedent to admissibility, and this condition is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. * * * [U]nauthenticated documents cannot be considered in a motion for summary judgment.")(internal quotation marks, citations, and footnote omitted).

In this regard, the Ninth Circuit sets out a finite number of ways to authenticate documents. First, documents may be authenticated through personal knowledge if "attached to an affidavit or declaration that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant [is] a person through whom the exhibits could be admitted into evidence." 285 F3d at 774 (internal quotation marks and citation omitted). Alternatively, documents may be authenticated in any manner permitted by Fed R Evid 901(b) (providing ten approaches to authentication through extrinsic evidence) or 902 (self-authenticating documents need no extrinsic foundation).

Plaintiffs offered their exhibits as stand-alone documents—not attached to a Fed R Civ P 56(e) affidavit or declaration. The exhibits would therefore need to meet the authentication requirements of Fed R Evid 901(b) or 902 to be admissible. Since plaintiffs did not proffer extrinsic evidence to authenticate any of their exhibits in accordance with Fed R Evid 901(b), the exhibits would have to be self-authenticating as provided in Fed R Evid 902. Of

plaintiffs' exhibits, only the newspaper articles are self-authenticating (note that these articles are inadmissible hearsay as discussed below).

As a result, the following exhibits to the Response are not self-authenticating and are inadmissible:

- Exhibit 2, Preliminary Title Report;

- Exhibit 3, Bargain and Sale Deed;

- Exhibit 7, Testimony of Julia Gordon, Senior Policy Counsel, Center for Responsible Lending, Before the Financial Crisis Inquiry;

- Exhibit 8, Excerpts From Sentencing Statement;

- Exhibit 9, Foreclosure Notice;

- Exhibit 10, SEC Complaint;

- Exhibit 14, U.S. Bank Invitation to Brokers; and

- Exhibit 20, FDIC/IRA Chart.

The following exhibits to the Supp. Response are not self-authenticating and are inadmissible:

- Exhibit 4, MERS Commercial Legal Primer;

- Exhibit 7, Registration Rights Agreement;

- Exhibit 17, U.S. Bancorp Investors/Shareholder Information;

- Exhibit 18, CMO Primer on Structured Securities Risk; and

- Exhibit 21, Excerpt From Talk Given by Janet Tavakoli to IMF.

Plaintiffs failed to authenticate these exhibits.  The court should strike them from the record and not consider them when determining whether to grant summary judgment in favor of U.S. Bank.

PDXDOCS:1884140.1
080080/0237

**C.**          **Most of Plaintiffs' Exhibits Are Inadmissible Hearsay.**

Fed R Evid 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Subject to various exceptions, hearsay is not admissible.  Fed R Evid 802.

In hopes of creating a genuine issue of material fact to survive summary judgment, plaintiffs offer the following exhibits to the Response as their only evidence to back their claims:

- Exhibit 1, Articles on New Century Mortgage Collapse;

- Exhibit 7, Testimony of Julia Gordon, Senior Policy Counsel, Center for Responsible Lending, Before the Financial Crisis Inquiry;

- Exhibit 8, Excerpts From Sentencing Statement;

- Exhibit 11, "Triple A Failure" by Lowenstein;

- Exhibit 12, Buffet Article;

- Exhibit 13, AIG Article;

- Exhibit 14, U.S. Bank Invitation to Brokers;

- Exhibit 15, Schwartz Law Review Article;

- Exhibit 16, Stiglitz Article;

- Exhibit 17, Henry C. K. Liu Article;

- Exhibit 18, F. Wm. Engdahl Article;

- Exhibit 19, Excerpt from Prinz Book;

- Exhibit 21, Article by Wm. K. Black;

- Exhibit 22, Article by Kevin G. Hall; and

- Exhibit 23, Agency Financial Summary of the Troubled Assets Relief Program.

In hopes of creating a genuine issue of material fact to survive summary judgment, plaintiffs offer the following exhibits to the Supp. Response as their only evidence to back their claims:

- Exhibit 1, Article from ABA Journal;

- Exhibit 2, "The Subprime Lending Crises" From CCH Mortgage Compliance Guide and Bank Digest;

- Exhibit 3, "How the Servant Became Predator" by Wm. J. Black;

- Exhibit 4, MERS Commercial Legal Primer;

- Exhibit 8, Excerpt From Law Review Article by Prof. Steven Schwarcz;

- Exhibit 9, Knight/Ridder Business News Article October 1998;

- Exhibit 10, Federal Reserve Analysis of Subprime Crisis;

- Exhibit 11, "AIG-Gate:  The World's Largest Insurance Heist" by Ellen Brown;

- Exhibit 12, AIG Article by John Carne;

- Exhibit 13, 2007 HMDA Data;

- Exhibit 14, "How Moody's Sold Its Ratings and Sold Out Investors" by McClatchy;

- Exhibit 14a, Testimony of SEC Chairman, U.S. Senate Committee on Banking, Housing and Urban Affairs September 26, 2007;

- Exhibit 15, SEC Enforcement Proceedings;

- Exhibit 16, SEC Complaint;

- Exhibit 17, U.S. Bancorp Investors/Shareholder Information;

- Exhibit 18, CMO Primer on Structured Securities Risk;

- Exhibit 19, StarTribune.com article;

- Exhibit 20, Publication of Federal Reserve Bank of Minneapolis;

PDXDOCS:1884140.1
080080/0237

- Exhibit 21, Excerpt From Talk Given by Janet Tavakoli to IMF;

- Exhibit 22, "Federal Home Loan Bank Seek to Recoup Securities Investment" by Kirsten Grind;

- Exhibit 23, Excerpt From It Takes a Pillage:  Behind the Bailouts, Bonuses and Backroom Deals; and

- Exhibit 24, "Former Wall Street Financiers Face Criminal Action" by Andrew Clark.

These articles and other publications all are written by, interview, or feature individuals entirely unrelated to the case at hand.  Any statements made in such documents are therefore "out of court."  Additionally, the documents relate to and are offered as evidence for plaintiffs' claims regarding U.S. Bank's allegedly fraudulent banking practices, its relaxed banking standards, and the securitization of mortgages.  Since plaintiffs offer the publications to prove the truth of the matters they assert, they are hearsay and inadmissible.  Further, these writings do not fall within any of the recognized hearsay exceptions.  If plaintiffs wanted to offer the information contained in the publications as evidence to prove their claims, they would need to locate the authors and interviewees of each publication, and depose them (or examine them in court if they were going to offer evidence at trial).  Plaintiffs, of course, failed to do so—accordingly, the court should strike the exhibits from the record and not consider them when deciding U.S. Bank's motion for summary judgment.

///

///

///

///

///

///

///

Page 10 of 11 Memorandum in Support of U.S. Bank National Association's Motion to Strike Appendix and Exhibits

### III.    CONCLUSION

For the foregoing reasons, the court should strike from the record the above exhibits discussed and should not consider them when ruling on U.S. Bank's motion for summary judgment.

DATED this 17th day of March, 2010.

MILLER NASH LLP


/s/  Jeanne Kallage Sinnott
C. Marie Eckert, OSB No. 883490
marie.eckert@millernash.com
Jeanne Kallage Sinnott, OSB No. 075151
jeanne.sinnott@millernash.com
Telephone:  (503) 224-5858
Fax:  (503) 224-0155
  *Attorneys for Defendant/Third-Party*
  *Plaintiff U.S. Bank National Association*

PDXDOCS:1884140.1
080080/0237

I hereby certify that on the date set forth below I served the foregoing memorandum in support of U.S. Bank National Association's motion to strike appendix and exhibits on:

Mr. D. Lawrence Olstad                          Ms. Roberta Kelly
5109 N.E. Ainsworth Street                      200 Coyote Lane
Portland, Oregon  97218                         Castle Rock, Washington  98611
E-mail:  larry@mortgagegaleria.com              E-mail:  roberta@mortgagegaleria.com
    *Plaintiff Pro Se*                              *Plaintiff Pro Se*

**By First-Class Mail, postage prepaid,** and on:

Mr. David A. Weibel, OSB No. 082316
Bishop, White & Marshall, P.S.
720 Olive Way, Suite 1301
Seattle, Washington  98101
Fax:  (206) 622-0354
E-mail:  dweibel@bwmlegal.com
    *Attorney for Defendants Bishop,*
    *White & Marshall, P.S., and*
    *Krista White*

**By CM/ECF system transmission.**

DATED this 17th day of March, 2010.

/s/  Jeanne Kallage Sinnott
Jeanne Kallage Sinnott, OSB No. 075151
jeanne.sinnott@millernash.com
Fax:  (503) 224-0155
*Attorneys for Defendant/Third-Party Plaintiff*
*U.S. Bank National Association*

Page 1 -   Certificate of Service

PDXDOCS:1884140.1
080080/0237

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE, PORTLAND, OREGON  97204-3699