IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERTA KELLY and D. LAWRENCE
OLSTAD,

                    Plaintiffs,

       v.

U.S. BANK; BISHOP, WHITE &
MARSHALL, P.S., a Washington
Professional Services Company; and
KRISTA WHITE,

      Defendants.
_____

U.S. BANK NATIONAL ASSOCIATION,

            Third-party Plaintiff,

     v.

CITY OF PORTLAND, a municipal

Civ. No. 08-1421-AC

FINDINGS AND
RECOMMENDATION

FINDINGS AND RECOMMENDATION     1                                  {KPR}

corporation; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., an
inactive Oregon corporation; CREDIT
CARD RECEIVABLES FUND
INCORPORATED, an Ohio corporation dba
UNIFUND CCR PARTNERS; ZB
LIMITED PARTNERSHIP, a Delaware
limited partnership dba UNIFUND CCR
PARTNERS,

     Third-party Defendants.
_____

ACOSTA, Magistrate Judge:

*Introduction*

 Plaintiff Roberta Kelly ("Kelly") filed a motion for sanctions against the following individuals and entities:  U.S. Bank/U.S. Bancorp, Lee Mitau, C. Marie Eckert, Jeanne Kallage Sinnott, Miller Nash LLP, David A. Weibel, Krista White, Bishop White & Marshall, PS, Fidelity National Title, and Pat Inhat.  The motion seeks sanctions against these individuals and entities for allegedly perpetrating fraud on the court.  Defendant U.S. Bank opposes the motion, and both Kelly and U.S. Bank seek attorney fees associated with the motion.

*Legal Standard*

 The court's authority to sanction originates from various sources, including the court's inherent power to punish for violations of its orders.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  Imposition of sanctions under the court's inherent power is proper where, among other behaviors, a party has acted in bad faith or wantonly.  *In re Intel Securities Litigation*, 791 F.2d 672, 675 (9th Cir. 1986).  *See also Lahiri v. Universal Music and Video Distribution Corp.*, No. 09-55111, 2010 WL 2246401, at *1 (9th Cir. June 7, 2010) ("[S]anctions imposed under the district court's inherent authority require a bad faith finding.").  Bad faith includes acts substantially

motivated by "'vindictiveness, obduracy, or mala fides.'" *Id.* (quoting *Lipsig v. National Student Marketing Corp.*, 663 F.2d 178, 182 (D.C. Cir. 1980)). The Ninth Circuit has not decided whether a court's bad faith finding must be supported by clear and convincing evidence, *Lahiri*, 2010 WL 2246401, at *1, but the finding must be supported by at least a preponderance of the evidence. *See in re Lehtinen*, 564 F.3d 1052 (9th Cir. 2009) ("It is unclear 'whether the bankruptcy court must find bad faith by clear and convincing evidence or under a preponderance of the evidence standard.'" (quoting *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1197 n.20 (9th Cir.2003).).

*Discussion*

I.    Conferral

As a preliminary matter, Kelly admits that she did not confer with U.S. Bank prior to filing this motion, but argues that under the circumstances of this case, the requirement should be excused. U.S. Bank does not address this issue in its response. Although the court, in general, places a high value on conferral between parties prior to filing motions, in the context of this case's history, the court agrees that conferral would indeed be futile and excuses the conferral requirement for purposes of this motion.

II.    Fraud on the Court

Kelly's argument for sanctions is essentially that U.S. Bank has failed to establish standing in this matter by producing the promissory notes associated with Kelly's properties which it purports to hold. This, she claims, is the fraud upon which her motion is based. Kelly also requests that the court order preclusive sanctions against U.S. Bank to deter future fraudulent actions upon the court. Kelly seeks the equivalent of attorney fees to compensate her for the time she expended with regard to this matter.

In her memorandum, Kelly alludes to various ways in which U.S. Bank, among others, has manipulated the court system for its purposes to deprive ordinary Americans of wealth. In particular, Kelly alleges that U.S. Bank has improperly withheld evidence and has slandered and shamed Kelly and D. Lawrence Olstad, a co-plaintiff, in order to intimidate them and facilitate its theft of Kelly's wealth.

In a declaration, Kelly alleges that a settlement statement emailed to her by Fidelity National Title Company of Oregon revealed that there is no proof of chain of title. Kelly states that her request for a forensic audit regarding chain of mortgage and chain of title as to the property at 5109 N.E. Ainsworth St., Portland, Oregon, 97218 ("the subject property"), has not been honored. Furthermore, Kelly alleges that the sale of the subject property is in jeopardy due to fraudulent actions by U.S. Bank and others. Kelly further requests that such audit be conducted at this time. Exhibits attached to Kelly's declaration show that a potential sale of the subject property was frustrated by Kelly's inability to produce "clear and marketable title[.]" (Kelly Declaration, Exhibit 3 at 2.)

U.S. Bank argues that the court should deny Kelly's motion for sanctions for two reasons. First, according to U.S. Bank, Kelly has articulated no basis upon which the court may impose sanctions on any party. U.S. Bank characterizes Kelly's argument as "a host of disjointed allegations" that various financial institutions have engaged in fraudulent activities, which U.S. Bank points out are similar to Kelly's substantive claims that are currently the subject of pending motions for summary judgment.[1] Furthermore, U.S. Bank argues, Kelly's allegations that counsel for U.S.

---

[1] The court's Findings and Recommendation is currently pending before District Judge Mosman.

Bank engaged in "attorney-word smithing" similarly fail to provide a basis upon which to impose sanctions. Second, U.S. Bank argues that Kelly improperly seeks to impose sanctions on persons and entities not parties to this matter, namely, Lee Mitau, Warren Buffett, Goldman Sachs, the Federal Reserve, and Ben Bernanke.

The court agrees that Kelly has failed to set forth a basis upon which this court may impose sanctions on U.S. Bank. Kelly has neither identified specific conduct by U.S. Bank that constitutes the alleged fraud committed wantonly or in bad faith, nor has she produced a preponderance of evidence in support of her allegations, let alone clear and convincing evidence of any such behavior. The court agrees that much of this motion concerns the substantive matters currently pending on summary judgment. A motion for sanctions is not the proper method for challenging chain of title issues. Furthermore, to the extent Kelly seeks sanctions against the other defendants, not U.S. Bank, and against others not parties to this action, the same analysis applies. Kelly has failed to produce evidence and analysis upon which the court could impose sanctions on any party. Accordingly, Kelly's motion for sanctions should be denied.

III.    Attorney Fees

Both Kelly and U.S. Bank seek attorney fees associated with this motion. With regard to Kelly, she is a pro se plaintiff and, thus, has not incurred attorney fees. Furthermore, the court concludes that her motion for sanctions should be denied which result provides no basis for an award of fees. As to U.S. Bank's attorney fee request, whether to award attorney fees to a prevailing party is within the court's discretion. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ("Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."). Here, the content of Kelly's motion

required only nominal time and effort by U.S. Bank to adequately oppose.  For these reasons, and in light of the summary and brief response submitted by U.S. Bank, the court declines to consider or recommend an award of attorney fees in favor of U.S. Bank.

*Conclusion*

For the reasons stated, Kelly's Motion for Sanctions (#176) should be denied.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due October 29, 2010.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 15th day of October, 2010.


_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge


FINDINGS AND RECOMMENDATION          6                              {KPR}