IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERTA KELLY and D. LAWRENCE OLSTAD, | Civ. No. 08-1421-AC |
| Plaintiffs, | FINDINGS AND RECOMMENDATION |
| v. | |
| U.S. BANK; BISHOP, WHITE & MARSHALL, P.S., a Washington Professional Services Company; and KRISTA WHITE, | |
| Defendants. | |

_____

U.S. BANK NATIONAL ASSOCIATION,

        Third-party Plaintiff,

FINDINGS AND RECOMMENDATION    1          {KPR}

CITY OF PORTLAND, a municipal
corporation; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., an
inactive Oregon corporation; CREDIT
CARD RECEIVABLES FUND
INCORPORATED, an Ohio corporation dba
UNIFUND CCR PARTNERS; ZB
LIMITED PARTNERSHIP, a Delaware
limited partnership dba UNIFUND CCR
PARTNERS,

     Third-party Defendants.
_____

ACOSTA, Magistrate Judge:

  On June 25, 2010, the court issued an order granting Defendant U.S. Bank's ("U.S. Bank") three sanctions motions and imposing, as an appropriate sanction, payment of associated attorney fees by Plaintiff Roberta Kelly ("Kelly"). The order specifically stated:

> Attorney fees as a sanction should be imposed against Kelly for her violation of the court's September 24, 2009, order prohibiting her from directly communicating with U.S. Bank employees about this case. U.S. Bank should submit billing records reflecting the time spent by its attorneys to respond to Kelly's communications to U.S. Bank, and to brief and argue its First, Second, and Third Motions for Sanctions. All time records submitted must comply with [the] Ninth Circuit and this district's requirements for supporting documentation submitted in connection with attorney fee petitions.

(Findings & Recommendation (#188), June, 25, 2010, at 17-18.)

  Consistent with this order, U.S. Bank has filed a "Motion for Entry of Award of Attorney Fees and Costs." In conjunction with this motion, U.S. Bank submitted detailed billing records indicating the hourly rates and time spent both dealing with Kelly's communications and preparing the motions for sanctions. With a few exceptions, U.S. Bank's claimed fees are reasonable and comport with the applicable requirements. U.S. Bank is entitled to an award of $8,396.04 in attorney fees in satisfaction of this court's June 25, 2010, order.

FINDINGS AND RECOMMENDATION  2          {KPR}

Where attorney fees are available, the court must determine the reasonableness of both the number of hours and the rate at which they were billed. "In addressing a petition for attorney fees under federal law, the court must first determine the 'lodestar' amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." *Sizemore v. Madras*, No. 02-72-KI, 2005 WL 1502891, at *1 (D. Or. June 24, 2005) (citing *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)). The appropriateness of this number is evaluated in light of several factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975).

I.   Rate

This district's local rules, specifically Local Rule of Civil Procedure 54-3, recommend that attorneys seeking an award of fees refer to the most recent Oregon State Bar Economic Survey[1] ("Survey") to support the hourly rates they seek to recover. The survey states, in particular, the average rates for business litigation and general litigation services. The Survey found that "[t]he average and median hourly rate for Business Litigation lawyers is approximately $299 per hour." (Survey, Business Litigation Section Hourly Rate Results at 2.) The Survey also found that "the average and median rate for members of the Litigation Section is approximately $250 - $274 per

---

[1] Available at: http://www.osbar.org/surveys_research/08hourlyratesurvey.

hour." (Survey, Litigation Section Hourly Rate Survey Results at 2.)

Here, U.S. Bank seeks to recover at the hourly rates of $216 and $240 for work performed by Jeanne Kallage Sinnott ("Sinnott"). Sinnott has practiced with her firm for three years and has spent approximately half of her time representing U.S. Bank. Her average rate for work on this case is $232.56, well below the survey's average for Business Litigation lawyers and Litigation Section lawyers. U.S. Bank seeks to recover at the hourly rates of $308.41, $342, and $380[2] for work performed by C. Marie Eckert. Eckert has practiced law for over twenty years in both commercial litigation and as a litigation manager for U.S. Bank. Her average rate for work on this case is $329.54. The average hourly rate for work on this case between both Sinnott and Eckert is $291.70. Thus, while Eckert's hourly rate was ultimately much higher than the Survey's average hourly rate for business litigators, the average rate charged in this fee request is less than the average. It bears noting that Kelly does not dispute the hourly rates charged by Sinnott and Eckert. Based on its calculations and the Survey's data, and absent evidence or analysis to the contrary, the court concludes that the hourly rates sought by U.S. Bank are reasonable.

II.     Hours

After a careful review of U.S. Bank's submissions, the court concludes that the majority of the time expended on Kelly's improper communications and preparing the motions for sanctions was justified. The court recently issued a message to attorneys to provide guidance on preparation of fee petitions. The court pointed out the inadequacy of "block billing" entries: "The Court recommends

---

[2] It is not clear why the hourly billing rates vary. Logic suggests that the attorneys' rates increased over time. That said, Eckert billed at her middle rate, $342 per hour, on February 25, 2010, after which she went back to billing at her lowest rate, $308.41 per hour. To remedy this inconsistency, the court will calculate the fees on that day at the lower rate.

FINDINGS AND RECOMMENDATION          4                              {KPR}

that members of the bar record time spent on particular, individual tasks and support their fee petitions with a level of documentation that allows the Court, and opposing counsel, to adequately review the reasonableness of the time spent on a single task." (Message Regarding Attorney Fee Petitions, February 11, 2009[3]).  The court will detail only the time entries that it has concluded are not entitled to be awarded as attorney fees.

First, the court reduces the Sinnott entry dated February 25, 2010, because the services billed include preparation of a motion to compel disclosure, which is not within the scope of the sanctions award.  The entry does not indicate the amount of time allocated to this specific task, so the court equally splits the time billed between the two described tasks, reducing the recoverable amount by half to $334.80.  Similarly, Eckert's May 5, 2010, entry is reduced by 0.4, half of the entry totaling 0.8 hours, because it includes time spent on summary judgment motions.  This entry now totals $205.20.  The court also finds three of Sinnott's entries to be duplicative of tasks performed by Eckert and reduces the entries by the redundant time.  Specifically, Sinnott's review of this court's findings and recommendations on June 25, 2010, of Kelly's reply to the motion for sanctions on June 29, 2010, and of Kelly's objections to the findings and recommendations on June 30, 2010, duplicate Eckert's reviews of those same documents on June 25, June 28, and June 30, respectively.  As a result, Sinnott's June 25 and June 29 entries are not recoverable, and Sinnott's June 29 entry is reduced by 0.2 to $86.40.

*Conclusion*

Consistent with this disposition, U.S. Bank is entitled to attorney fees, paid by Kelly in the

---

[3] Available at: http://ord-pdx-web/examples-and-guidelines/local-forms/examples-and-guidelines/attorney-fee-statement-guidelines/details

amount of $8,396.04.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due January 12, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 29th day of December, 2010.

                                                 /s/ John V. Acosta
                                                 JOHN V. ACOSTA
                                               United States Magistrate Judge